IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
JAN 5 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| ORION CORPORATION, | |
| Plaintiff/Counterclaim Defendant, | |
| v. | CIVIL ACTION NO. 3:07-cv-05436-MLC-DEA (Consolidated) |
| SUN PHARMACEUTICAL INDUSTRIES, LIMITED | |
| Defendant/Counterclaim Plaintiff. | |
| ORION CORPORATION, | |
| Plaintiff/Counterclaim Defendant, | |
| v. | CIVIL ACTION NO. 3:08-cv-05545-MLC-DEA |
| SUN PHARMA GLOBAL, INC. | ORDER |
| Defendant/Counterclaim Plaintiff. | |

THIS MATTER having been opened to the Court by LeClairRyan, *A Virginia Professional Corporation*, counsel for Third Party Respondent Gwendolyn Zeno ("Gwendolyn Zeno") upon Motion for Leave to File Documents Under Seal Pursuant to Local Civil Rule 5.3; and the Court having reviewed all papers submitted and for good cause shown:

IT IS ON this 4th day of January, ~~2009~~ 2010;

ORDERED that Gwendolyn Zeno's Motion for Leave to File Documents Under Seal pursuant to Local Civil Rule 5.3 is GRANTED because Gwendolyn Zeno's Opening Brief Supporting the Attorney-Client Privileged nature of the Contents Redacted from her Document Production in Response to a Rule 45 Subpoena from Defendants ("Gwendolyn Zeno's Attorney-Client Privilege Motion") contains facts that are directly derived from Novartis proprietary

information, designated as "Highly Confidential" under the governing Protective Order. Further, many of the Exhibits attached to the Certification of Gregory S. Thomas accompanying Gwendolyn Zeno's Attorney-Client Privilege Motion are either designated "Highly Confidential" or directly derived from documents that are designated "Highly Confidential" by the parties or third parties under the Protective Order entered in this case. Additionally, Gwendolyn Zeno submits for *in camera* review a binder with documents that have also been designated "Highly Confidential." Those Exhibits and binder also include information that is proprietary in nature that relate to Orion's Stalevo® and Comtan® products. Orion and Novartis would be harmed if these documents and the information contained therein designed "Highly Confidential" were openly disclosed to the public. Alternatives to filing under seal, such as redacting portions of Gwendolyn Zeno's Attorney-Client Privilege Motion and accompanying Exhibits and binder, would be unable to relay the requisite information. Therefore, filing under seal is necessary in these proceedings; and it is

**FURTHER ORDERED** that the Clerk of the Court serve a copy of this Order on all counsel.

_____
HON. DOUGLAS E. ARPERT, U.S.M.J.